Bergan, J.
(dissenting in part). The record fully demonstrates Richard La Belle’s criminal responsibility for felony murder. This court is reversing that judgment and ordering a new trial on the. felony murder count of the indictment because it has concluded that it was prejudicial to try this defendant jointly with his brother Edward La Belle.
The record shows that both brothers were jointly engaged in a criminal enterprise in which their victim was murdered. This appellant, Richard La Belle, made a confession in parts of which he implicated himself and in parts of which he placed the main blame on his brother and exculpated himself. Although the confession contained defenses and excuses it plainly admitted facts which made this appellant a principal in the rape and so made him responsible for the murder.
Because Edward La Belle did not make a confession, this appellant’s confession could not have been received against Edward La Belle and, therefore, the parts of appellant’s confes *414 sion placing blame on Edward La Belle were excluded from tbe jury’s consideration.
It is the effect on appellant’s case of this exclusion which leads this court to hold the joint trial was prejudicial. But this appellant did not object on the trial to excluding the exculpatory portions of his confession from the jury. In any event, those portions were sufficiently placed before the jury on the cross-examination of a prosecution witness.
Under a record thus developed the joint trial was not prejudicial to the appellant.
The judgment so far as it is based on a conviction for felony murder should be affirmed.
Chief Judge DesmoNd and Judges Fuld, VaN Vqorhis and KeatiNg concur with Judge Burke; Judge Bergan dissents, in part, in an opinion in which Judge Scileppi concurs.
Judgment reversed, the first count of the indictment dismissed and a new trial ordered upon the second count of the indictment.